UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEVEN CAROLINI ) | Case Number |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| LAW OFFICES OF JAMES A. WEST, ) P.C. ) | JURY TRIAL DEMANDED |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Steven Carolini, by and through his undersigned counsel, Peter Wizenberg, Esquire, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1. Plaintiff, Steven Carolini, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in the District and the Defendant transacts business in this District.

### III. PARTIES

4. Plaintiff, Steven Carolini, is an adult natural person residing at 6353 Stonehurst Circle, Lake Worth, Florida 33467. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Law Offices of James A. West, P.C. ("Defendant"), at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the State of Florida and the State of Texas with a principal place of business located at 6830 Rogerdale Road, Suite 130, Houston, TX 77072-1612.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about August 7, 2010, Plaintiff started to receive collection calls from Defendant in regards to a debt allegedly owed to Capital One for approximatly $8,755.00.

8. At that time, Plaintiff informed the Defendant that he had retained the services of the law firm Persels & Associates, LLC to help aid him in the settlement of his debt and for them to call their firm directly in this matter.

9. Defendant's agent, stated that he knew that the Plaintiff was with Persels already, but that they refused to work with them.

10. Defendant went on to tell the Plaintiff that if Persels ever called them they would just hang up on them.

11. On or about that same day, August 7, 2010, Persels sent a "cease and desist" letter to the Defendant.  **See Exhibit "A" (letter) attached hereto**.

12. On or about August 24, 2010, at 3:10 pm, Plaintiff received a call to his personal cell from Defendant'a agent, "Wayne Gillerg", at extension 1147, collecting on the above debt.

13. On or about Augsut 27, 2010, at 2:26 pm, Plaintiff received a call to his personal cell phone from Defendant's agent, "Paula Donna", at extension 1208 looking for payment on this account.

14. On or about Augsut 31, 2010, at 8:53 pm, Plaintiff received a call from Defendant's agent, "Anna Hamilton", at extension 1272 attempting to collect on this debt.

15. On or about September 1, 2010, Plaintiff's mother-in-law, received a call to her home from Defendant's agent, "Anna Hamilton", who stated that she was an attorney and that she needed to find the Plaintiff as soon as possible.

16. Any and all contact with the Plaintiff after knowledge that they were being represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18.  The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19.  At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

20.  At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.  As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

22.  The above paragraphs are hereby incorporated herein by reference.

23.  At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

24.  The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692b(6) | Contact of Third Party: After knowng the consumer is represented by an attorney |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Law Offices of James A. West, P.C., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date: November 10, 2010

BY: **/s/Peter Wizenberg**
Peter Wizenberg, Esquire
Florida Bar Number: 34500
Wizenberg, Attorney & Counselor at Law, P.A.
 1580 Sawgrass Corporate Parkway, Suite 130
 Sunrise, Florida 3323
 Phone: 786-260-7075
 Fax: 954-756-8092
 Email: peter@wizenberglaw.com
 Attorney for Plaintiff